UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BELINDA STALLINGS-FIELDS** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 1:23-cv-846 |
| ) | |
| **THE UNITED STATES OF AMERICA;** ) | |
| **and THE DEPARTMENT OF THE ARMY** ) | |
| **OFFICE OF INSPECTOR GENERAL** ) | |
| ) | |
| **Defendants** ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, Lieutenant Colonel Belinda Stallings-Fields, by and through counsel, Tully Rinckey PLLC, and hereby states the following complaint against the Defendants, United States of America and the United States Department of the Army Office of Inspector General for the cause of action stated as follows:

### I.   NATURE OF THE CASE

1. Plaintiff Lieutenant Colonel Belinda Stallings-Fields ("Plaintiff" or "LTC Stallings-Fields") brings this civil action pursuant to the Military Whistleblower Protection and Administrative Procedures Acts for correction of military records, reimbursement of expenses, and other benefits erroneously denied by the Defendants and due to the Plaintiff for actions taken against her while serving as a member of the United States Army.

2. After identifying various command issues and deficiencies as part of her duties, Plaintiff faced multiple acts of retaliation, including restrictions from speaking with an Inspector General, removal from her position as the Deputy Inspector General, receiving multiple adverse Officer

Evaluation Reports, suspension of favorable administrative actions, threatened with separation from the Army with an unfavorable discharge characterization, and removal of her IG certification, credentials, and additional skill identifier.

3. These actions were taken in retaliation for her protected communications and her rights to seek appropriate relief were repeatedly denied.

## II. JURISDICTION AND VENUE

2. Jurisdiction is proper pursuant to the Military Whistleblower Protection Act, 10 U.S.C. § 1034, and the Administrative Procedure Act, 5 U.S.C. § 701 – 708.

3. Venue is proper pursuant to 28 U.S.C. §§ 1331 and 1346.

## III. PARTIES

4. At all times relevant hereto, Plaintiff is a citizen of the United States and an individual resident of Haymarket, Prince William County, Virginia.

5. Defendant is the United States of America, acting by and through the United States Department of the Army Office of Inspector General (hereinafter "DAIG"), a United States Government Agency. This Complaint may interchangeably refer to the Defendants as the "United States," "DAIG," or "Defendants."

## IV. FACTUAL BACKGROUND

6. Plaintiff is a current Army Medical Service (MS) Corps commissioned officer and former Deputy Inspector General (hereinafter "IG") for the Military Intelligence Readiness Command (hereinafter "MIRC"), Fort Belvoir, VA.

7. As part of her duties, Plaintiff conducted and led whistleblower reprisal investigations, conducted inspections, assisted and trained personnel on Army systems, processes and procedures, and oversaw intelligence oversight inspections.

8. The MIRC IG office consisted of the command IG, the Deputy IG (LTC Stallings-Fields), two assistant IG non-commissioned officers, and two detailed IG officers. The MIRC Commander is the directing authority for conducting inspections and investigations. The MIRC IG's higher command is the U.S. Army Reserve Command IG, which provides a technical channel for mutual assistance and information-sharing. The Department of the Army Inspector General (hereinafter "DAIG") is responsible for all Army IG policies and functions.

9. On July 21, 2018, Plaintiff informed MIRC Command Inspector General, Colonel Francesca McFadden that the Inspector General's Office ("IGO") was not in compliance with Army Regulation 20-1, which requires IGs to conduct Intelligence Oversight inspections as part of the IG inspection program within the command's Organizational Inspection Program.

10. Specifically, some of the issues Plaintiff raised involved inspections being performed without directive, non-credentialed officers working in the IGO, and non-IG personnel having access to the IG SharePoint site and email inbox – serious security concerns and violations of Army and DoD regulation and federal law.

11. Throughout 2018, Plaintiff identified numerous other areas of concern, including violations of Army Regulations, DoD Regulations, and federal law, through several protected communications made to multiple superior officers in her chain of command.

12. In retaliation for her communications, Plaintiff was repeatedly threatened with career ruin, including by those directly in Plaintiff's chain of command and responsible for her Officer Evaluation Reports.

13. On October 4, 2018, Plaintiff reported MIRC IGO issues to her commander, including the breach of confidentiality and discretion in a Whistleblower Reprisal (WBR) case, false accusations and statements in violation of UCMJ Articles 107 and 134, threats to take

unfavorable personnel action against her for making a protected communication, restriction of communication with IG, professional misconduct and mismanagement regarding MIRC handling of IG cases, failures of reporting data entry into the IG database, and her inability to complete assigned duties due to such deficiencies.

14. On October 22, 2018, Plaintiff reported these same violations, restrictions, and WBR allegations to the United States Reserve Command IG Office.

15. Plaintiff made additional protected communications of regulatory violations to the USARC IG on November 4, 2018.

16. On November 6, 2018, Plaintiff reported to MAJ Michael Alfano, MIRC Internal Review Section, and Colonel McFadden that the IGO was deficient and noncompliant in 31 of 47 areas.

17. On November 28, 2018, Plaintiff reported to COL Rogers and COL McFadden attempts to bribe her by senior enlisted members of the MIRC in return for appointments to favorable positions.

18. In December 2018, COL Rogers informed Plaintiff that she should not have reported the violations and made threatening comments to her during an IGO brief and in the presence of other members of the MIRC.

19. On April 30, 2019, Plaintiff received a Relief for Cause evaluation report, had her access to IG offices/systems suspended, and was directed to report to the Scales Army Reserve Center beginning May 1, 2019. This action occurred in response to Plaintiff making protected communications to appropriate individuals regarding instances of fraud, waste, and abuse within her command.

20. On May 1, 2019, Plaintiff was given a duty detail memo changing her primary duties by LTC Donya Dugan, Executive Officer of 3300 Signal Intelligence Group.

21. On that same day, Plaintiff received a counseling statement from her new senior rater, Brigadier General Aida Borras, restricting Plaintiff from the IG. BG Borras also threatened initiation of separation from the Army with the possibility of a General or Other Than Honorable Discharge.

22. On May 3, 2019, Plaintiff's certification as a Detailed Inspector General was terminated, along with her credentials and additional skill identifier, and she was disqualified for applying for an upcoming professional development course and subsequent courses thereafter.

23. On or about June 10, 2019, Plaintiff received a Relief for Cause OER from BG Borras, stating that she was being relieved from her command IG position "due to a loss of trust and confidence."

24. Less than a week later, on June 15, 2019, Plaintiff received a referred OER from her previous rating chain for the period from June 25, 2018 through December 5, 2018, stating that "her inability to understand basic guidance and direction was detrimental to the cohesiveness of the section," and "her unwillingness to follow guidance and direction hindered the overall effectiveness of the Inspector General section."

25. On September 5, 2019, Plaintiff filed a complaint with the DoD Hotline alleging negative personnel actions occurring in reprisal for her protected communications.

26. On August 4, 2021, the DoD IG released its report, finding Plaintiff made 17 protected communications to her chain of command and IGs, and that the command engaged in unfavorable personnel actions.

27. Plaintiff also became the subject of an AR 15-6 investigation in further perpetuation of continuing and malicious bad faith and unlawful reprisal actions directed towards her since she

made protected communications to her commander, resulting in meritless findings and recommendations for punitive administrative action against her.

28. Prior to the commencement of the investigation, Plaintiff submitted several protected communications outlining fraud, waste, and abuse within the Intelligence Community IG office.

29. Since making these protected communications, Plaintiff has been subjected to numerous instances of reprisal, to include the following:

    a. Plaintiff's career was threatened on numerous occasions;

    b. Plaintiff was restricted from speaking with the IG;

    c. Plaintiff was removed from her position as the Deputy IG and essentially left with no position for over two and a half years;

    d. Plaintiff was issued two different referred OERs, one of which was issued in express violation of her published rating scheme;

    e. Plaintiff was flagged and thereby deprived of all favorable personnel actions;

    f. Plaintiff was threatened with separation from the Army with a GEN or OTH service characterization;

    g. Plaintiff was directed to undergo a command-directed mental health examination against her will;

    h. Plaintiff's IG certification, credentials and additional skill identifier were removed;

    i. Plaintiff was reported AWOL; and

    j. Plaintiff was then subjected to the current investigation.

## V.     CAUSES OF ACTION

### Count I

30. Plaintiff realleges and incorporates each and every allegation contained in paragraphs 1-29 above as if fully set forth herein.

31. Under the Military Whistleblower Protection Act, "no person may restrict a member of the armed forces in communicating with…an Inspector General."

32. Additionally, no person may take (or threaten to take) an unfavorable personnel action, or withhold (or threaten to withhold) a favorable personnel action, as a reprisal against a member of the armed forces for making a communication that the member reasonably believes constitutes evidence of a violation of law or regulation, waste of funds, abuse of authority, to an Inspector General, member of a Department of Defense audit, inspection, or investigation organization, or any person or organization in the chain of command.

33. By restricting Plaintiff's ability to report, discuss, inform, or otherwise communicate with an Inspector General, Defendants wrongfully, willfully, and recklessly violated the Military Whistleblower Protection Act.

34. By taking unfavorable personnel action and threatening to withhold favorable action in reprisal against Plaintiff for making protected communications, Defendants wrongfully, willfully, and recklessly violated the Military Whistleblower Protection Act.

35. Defendants' actions have resulted in Plaintiff to suffer irreparable harm, including substantial financial and emotional harm including but not limited to the loss of military pay, benefits, and promotions.

## Count II

36. Plaintiff realleges and incorporates each and every allegation contained in paragraphs 1-35 above as if fully set forth herein.

37. Defendants are "agencies" within the meaning of the Administrative Procedure Act under 5 U.S.C. § 551.

38. Defendants' final decisions regarding the AR 15-6 investigation, relief for cause OER, and others constitute a final agency decision under the Administrative Procedure Act for which Plaintiff has no other adequate remedy in court.

39. Pursuant to the Administrative Procedure Act, Plaintiff is entitled to have the Defendants' decisions reviewed by this Court and set aside because the Defendants failed to act appropriately in their official capacity.

40. Pursuant to 5 U.S.C. § 706, this Court should set aside the hold unlawful the Defendants' actions because Defendants' conclusions were:

   a. Arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
   b. Contrary to Constitutional right, power, privilege, or immunity;
   c. In excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
   d. Without observance of procedure required by law;
   e. Unsupported by substantial evidence;
   f. Unwarranted by the evidence presented through any investigation.

41. The facts supporting setting aside the Defendants' actions are that the Defendants' decision to impose adverse administrative and/or retaliatory punishment against Plaintiff are

8

based on unsubstantiated allegations or evidence, done in retaliation for Plaintiff's protected communications, unlawful command influence, failure to consult or obtain legal review prior to publishing any final decision, failure to apply appropriate standard of review, failure to produce documents or information in violation of due process, failure to follow proper regulatory procedures, reporting false information, and any other matters which may become known or available during discovery in this matter.

42. The actions of the Defendants as set forth above violated Plaintiff's right to due process guaranteed by the Fifth Amendment of the Constitution of the United States.

43. The conduct of the Defendants was a substantial factor in causing harm to Plaintiff. As a result of Defendants' conduct, Plaintiff has and continues to suffer irreparable harm, including substantial financial and emotional harm including but not limited to the loss of military pay, benefits, and promotions.

44. As a consequence of the foregoing misconduct of Defendants, Plaintiff sustained economic damages, pain and suffering, great mental distress, depression, humiliation, and loss of reputation.

45. As a consequence of the foregoing conduct of Defendants, Plaintiff has damages in an amount exceeding the jurisdictional requirements of the Court.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays this Honorable Court:

   a. Award monetary damages and equitable relief for all harm Plaintiff has sustained as a result of Defendants' unlawful conduct, including for loss of promotion potential, reputation, lost wages, and lost job benefits she would have received but for Defendants' unlawful conduct;

   b. Award reasonable attorney fees, costs, and expenses incurred for this action;

   c. Award equitable, declaratory, and injunctive relief; and

d. Award such other and further relief as this Honorable Court deems just and proper.

          Respectfully submitted,

_____
Michael C. Fallings (D.C. Bar #MD19389)
*Attorney for Plaintiff*
TULLY RINCKEY PLLC
3724 Executive Center Drive, Suite 205
Austin, TX 78731
Tel: (512) 225-2822
Fax: (512) 225-2801
mfallings@fedattorney.com

10